## MARY L. PRATT
### v.
## JAMES PRATT ET AL.

DECREE AGAINST PARTIES NOT SERVED.—It is erroneous to render a decree affecting the interests of parties who are not served with process and are not before the court. The decree in this case being in part against persons over whom the court had not jurisdiction, it is reversed as to that portion, and affirmed as to the remainder.

APPEAL from the Circuit Court of McHenry county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed May 2, 1879.

Mr. H. B. HURD and Mr. FRANK BAKER, for appellant; that a complainant cannot state one case in his bill and make out a different case in proof, cited Ohling v. Luitgens, 32 Ill. 23; DeLeuw v. Neely, 71 Ill. 473; Downing v. Tuck, 76 Ill. 71; Morris v. Tillson, 81 Ill. 607; Berger v. Peterson, 78 Ill. 633; Rowan v. Bowles, 21 Ill. 17; McKay v. Bissett, 5 Gilm. 499.

Testimony of one of the defendants as to admissions made by a deceased party, should not have been admitted: Rev. Stat. 1874, 488; Connelly v. Dunn, 73 Ill. 218; Brown v. Hurd, 41 Ill. 122.

Where a party acquires title by purchase at sheriff's sale, with a parol agreement to hold the title as security for a loan of money paid to relieve the land from the judgment lien, and to re-convey when the money is refunded, the deed will be treated as a mortgage: Reigard v. McNeil, 38 Ill. 400; Smith v.

Doyle, 46 Ill. 451; Kloch v. Walter v. 70 Ill. 416; Smith v. Knoebel, 82 Ill. 392; Strong v. Shea, 83 Ill. 575; Smith v. Cremer, 71 Ill. 185.

A subsequent mortgagee is entitled to precedence of advances made by a prior mortgagee who has notice of the second mortgage: Frye v. Bank of Ill. 11 Ill. 367.

Record of subsequent mortgage is notice to prior mortgagee: Spader v. Lawler, 17 Ohio, 371; Bank of Montgomery, appeal, 36 Pa. 170; Ladue v. D. & M.-R. R. Co. 13 Mich. 380.

Lampson having conveyed the land with full covenants of warranty, was interested to defeat the Pratt mortgage, and his testimony should not have been received. His discharge in bankruptcy did not remove the objection: Rev. Stat. 1874, 488; Connully v. Dunn, 73 Ill. 218; Boverton v. Byrne, Adm'r, 72 Ill. 466; Whitmer v. Rucker, 71 Ill. 410.

A mortgagor is not liable for rents and profits while in possession of the mortgaged premises: Renard v. Brown, 1 West. Jur. 486; Miss. V. & W. R'y Co. v. U. S. Ex. Co. 81 Ill. 534; O'Brien v. Fry, 82 Ill. 274; Stephens v. Ill. M. & F. Ins. Co. 43 Ill. 331.

In equity, a party to avail himself of the Statute of Limitations must plead it, so that the other party may have opportunity to account for the delay; Trustees v. Wright, 12 Ill. 432; Zeigler v. Hughes, 55 Ill. 289.

Mr. A. B. COON and Mr. B. N. SMITH, for appellees, Worthington and Lyon; that being *bona fide* purchasers of parts of the mortgaged premises, the mortgage is void as to them, cited Miller v. Marckle, 21 Ill. 152; Reed v. Noxon, 48 Ill. 323.

Mr. E. R. SMITH and Mr. E. F. ALLEN, for appellee Pratt; that fraud may be shown by circumstances, cited Carter v. Gunnels, 67 Ill. 270.

The notes and deed having been given in 1858, they were barred by the Statute of Limitations after sixteen years: Pollock v. Maison, 41 Ill. 516; Harris v. Mills, 28 Ill. 44.

A person purchasing land *pendente lite*, does so at his peril, and is as much bound by the results of the litigation as if he

had been a party to it from the outset: Inloe's Lessor v. Henry, 11 Md. 524; Salisbury v. Benton, 7 Lans. 353; Harrington v. Slade, 19 Barb. S. C. 162; Tilton v. Cofield, 9 Chicago Legal News, 139.

Equity can only recognize and enforce a lien which is created by the parties: Dewey v. Eckert, 62 Ill. 218.

A verbal agreement to convey real estate to another, is within the Statute of Frauds: Stephenson v. Thompson, 13 Ill. 190; Perry v. McHenry, 13 Ill. 233.

Nor will the purchaser under such circumstances be treated as agent of the grantor: Wilson v. McDowell, 78 Ill. 514.

A purchaser under foreclosure of a senior mortgage acquires by his deed color of title in good faith, and such deed is a bar to foreclosure under a junior mortgage: Mason v. Ayers, 73 Ill. 121.

Statements of the mortgagor are admissible against himself : Reed v. Noxon, 48 Ill. 323.

Declarations of a party in possession are competent as against those claiming under him; Dodge v. Freidman's S. & T. Co. 9 Chicago Legal News, 139; Eich v. Sievers, 73 Ill. 194.

He who enables the commission of a fraud must suffer: City of Peoria v. Johnston, 56 Ill. 45; Rawson v. Fox, 65 Ill. 200; Lewis v. Lanphere, 79 Ill. 187.

Under the prayer for general relief, the court may grant that which is not specifically prayed for: Isaacs v. Steel, 3 Scam. 97; McNab v. Heald, 41 Ill. 327.

An account may be taken of rents and profits in a suit to set aside a conveyance for fraud: Hadley v. Morrison, 39 Ill. 392; Fitzsimmons v. Allen, 39 Ill. 440.

Mr. J. H. MAYBOURNE, for appellee, Miller.

PER CURIAM. There were three cases tried together by consent in the court below, and one decree rendered. Mary L. Pratt, in her individual capacity, or as administratrix of the estate of Philemon B. Pratt, deceased, was interested in each one of them, and appealed to this court. The case of James Pratt, complainant, v. Mary L. Pratt et al., was a creditor's

bill, and as a part of the relief claimed in that case the court found:

That Russell Grimes, at and before March 10, 1862, was largely indebted to said James Pratt, and suit was pending therefor, which P. B. and Mary L. Pratt knew. That James Pratt recovered a personal decree against Russell Grimes July 27, 1872, for $8,500.75 and $253.35 costs, and execution was issued and returned *nulla bona*, and that there is due thereon $11,988.60. That May 1, 1858, Russell Grimes made and delivered to Mrs. Pratt his two promissory notes, one for $1,250, due August 1, 1859, and for $250, due November 1, 1860; and to secure the payment thereof on said day, executed and delivered, to J. B. Smith, trustee, a trust deed upon all of the west half of southwest quarter of said section 35, lying south of the Chicago and Algonquin road, then owned by said Grimes, and known as the "Kern farm;" and that at the request of Mrs. Pratt said trustee advertised and sold said lands under said trust deed, August 18, 1877, to Abel C. Carpenter.

And among other things, ordered, adjudged and decreed:

That the said trust deed of Russell Grimes to J. B. Smith, for use of Mary L. Pratt, dated February 1, 1858, and the trustee's deed from said Smith to Carpenter, be set aside, annulled, vacated, etc., as against James Pratt.

The questions argued were mainly of fact, and it is not necessary to repeat the reasons urged on that subject.

We perceive no error in the conclusions to which the court below arrived, except as to the vacation and setting aside said trust deed and the trustee's deed from Smith to Carpenter. As the question of fact as to this branch of the case must be retried by the Chancellor in the court below, we only deem it necessary to say now that neither the said J. B. Smith nor Abel E. Carpenter was served with process, nor otherwise before the court, so that it had jurisdiction of their persons.

For this reason, as they were parties in interest, it was erroneous to render the decree, or rather the portion of it on this subject, without making Smith and Carpenter parties; and for this reason only the portion of the decree which relates to the land aforesaid, and to the rights of the parties in relation to it,

is reversed and the cause remanded, with directions to have said Smith and Carpenter made parties to the cause, and the rights of the parties interested therein ascertained and determined.

As this portion of the decree affects the interest of the said James Pratt, and that of the said Mary L. Pratt in her individual capacity, and not as administratrix, and does not affect the other parties except Smith and Carpenter and Mrs. Pratt, and is not so connected with the other matters adjudicated as to render it necessary to disturb other portions of the decree, said decree is in all other respects affirmed. And the costs in this court are divided, so that Mary L. Pratt, as an individual and not as administratrix, pays one-half, and the said James Pratt the other half of the costs by them made, respectively. The other costs to be paid by appellant, Mary L. Pratt, as administratrix, or in her individual capacity, as case may be.

Reversed and remanded.